UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE CG ACQUISITIONS, LLC, Debtor

CARL JENNINGS, et al.,

   Appellants,

            Civil Case No. 22-10510
v.            Honorable Linda V. Parker

CG ACQUISITIONS, LLC,     Bankruptcy Case No. 21-31511

   Appellee.
_____/

**<u>OPINION & ORDER GRANTING APPELLEE'S MOTION TO DISMISS</u>**

   This is an appeal from the United States Bankruptcy Court for the Eastern District of Michigan, the Honorable Joel D. Applebaum, presiding. Carl Jennings, Christopher Lewis, and Ron and Betty Kiel ("Appellants") appeal the bankruptcy court's order denying their motion to dismiss the Chapter 11 bankruptcy petition filed by Debtor CG Acquisitions, LLC ("Debtor CGA"). The matter is presently before the Court on Debtor CGA's motion to dismiss, filed pursuant to Federal Rule of Civil Procedure 12(b)(1). (ECF No. 9.) Debtor CGA argues that the appeal is equitably and constitutionally moot. The motion has been fully briefed. (ECF Nos. 11 & 12.) For the reasons stated herein, the Court grants the motion.

## I. Background

Debtor CGA filed a Chapter 11 bankruptcy petition on November 9, 2021. (ECF No. 7 at PageID 502-10.). Appellants moved to dismiss the petition, arguing that it was filed without corporate authority, in bad faith, and as a litigation tactic. (*Id.* at PageID 518-808.) The bankruptcy court denied the motion on the record at a hearing on January 26, 2022, finding that Gene Kopczyk ("Kopczyk"), the sole member of Debtor CGA, had the authority to file for bankruptcy and that the filing was not in bad faith or a litigation tactic. (*Id.* at PageID 919-59.)[1] A written order denying the motion was entered January 28. (*Id.* at PageID 870.) Appellants filed a motion for reconsideration, which the bankruptcy court denied on February 23, 2022. (*Id.* at PageID 895-99.)

On March 9, 2022, Appellants moved for leave to appeal the bankruptcy court's decisions. (ECF No. 1.) In the meantime, Appellants did not seek a stay of the bankruptcy proceedings and, on November 4, 2022, the bankruptcy court confirmed the Third Amended Plan of Reorganization ("Bankruptcy Plan"). (*See* ECF No. 9-10.) Appellants did not raise the issue now on appeal in its objections

---

[1] The transcript of the hearing was filed in the related bankruptcy proceedings for Debtor Lapeer Aviation, Inc. *See* Tr., *In re Lapeer Aviation*, No. 21-31500 (Bankr. E.D. Mich. filed Feb. 1, 2022), ECF No. 61. The bankruptcy court had entered an order directing joint administration of the bankruptcy petitions filed by Debtor CGA and Debtor Lapeer Aviation, Inc. on January 11, 2022. (*See* ECF No. 7 at PageID 909-11.)

to the Bankruptcy Plan (*see* ECF No. 9-8), nor did they appeal the Bankruptcy Plan within the time permitted.

On November 21, this Court concluded that the bankruptcy court's decisions concerning Kopczyk's authority to file the petition on behalf of Debtor CGA constituted a final order; and, therefore, leave was not required for Appellants to appeal. (ECF No. 4.) Debtor CGA then filed the pending motion to dismiss. (ECF No. 9.)

In the motion, Debtor CGA argues that this appeal is constitutionally or, alternatively, equitably moot because the Bankruptcy Plan has since been confirmed. At face value, Appellants only ask this Court to reverse the bankruptcy court's decision that Kopczyk had the authority to file the Debtor CGA's bankruptcy petition. Debtor CGA argues, however, that such a decision would afford Appellants no effective relief because the Bankruptcy Plan would remain undisturbed. According to Debtor CGA, Appellants have waived their right to challenge the Bankruptcy Plan and a confirmed plan can be revoked only under specifically identified circumstances, none of which exist here.

Seeking to avoid the fact that the Bankruptcy Plan has been confirmed, Appellants argue in response that the bankruptcy court lacked the jurisdiction to take such action due to the pendency of this appeal. In other words, Appellants maintain that this appeal divested the bankruptcy court of jurisdiction to confirm

the plan. This appears to be Appellants' argument for why appellate relief "is not impossible" (ECF No. 11 at PageID 1201)—and therefore why the appeal is not moot—although Appellants do not make this argument expressly (*see id*. at PageID 1200-01).

## II. The Bankruptcy Court's Jurisdiction to Confirm the Bankruptcy Plan

The United States Supreme Court set forth the general jurisdictional effect of an appeal in *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982):

> [A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.

*Id.* at 58. This "divestiture rule" is applicable to bankruptcy cases. *See, e.g.*, *Transtexas Gas Corp. v. Transtexas Gas (In re Transtexas Gas Corp.)*, 303 F.3d 571, 578-79 (5th Cir. 2002) (citing *In re Statistical Tabulating Corp.*, 60 F.3d 1286, 1289 (7th Cir. 1995)); *Bialac v. Harsh Inv. Corp. (In re Bialac)*, 694 F.2d 625, 627 (9th Cir. 1982).

The Sixth Circuit has more clearly defined the scope of this rule, explaining that, even after an appeal has been filed, the lower court may enter orders not affecting the merits of the appeal and may enforce its judgment but not expand upon it. *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 588 (6th Cir. 1987); *Am.*

*Town Ctr. v. Hall 83 Assoc.*, 912 F.2d 104, 110-11 (6th Cir. 1990). The Sixth Circuit also has indicated that the rule "is based on judicial prudence and is not absolute." *Jankovich v. Bowen*, 868 F.2d 867, 871 (6th Cir. 1989) (citing *Hoffman v. Beer Drivers & Salesmen's Local No. 888*, 536 F.2d 1268, 1276-77 (9th Cir. 1976)); *see also* 16A Charles Alan Wright & Arthur R. Miller, Fed. Practice & Proc. § 3949.1 (5th ed.) ("[T]he rule . . . is a judge-made doctrine designed to implement a commonsensical division of labor between the district court and the court of appeals."). "This judicially-created doctrine[,]" the Sixth Circuit has explained, "is designed to avoid the confusion and efficiency of two courts considering the same issues simultaneously." *Id.* (citation omitted).

The Supreme Court in fact has clarified that "[o]nly Congress may determine a lower federal court's subject-matter jurisdiction." *Hamer v. Neighborhood Hous. Servs. of Chicago*, 583 U.S. 17, 19 (2017) (quoting *Kontrick v. Ryan*, 540 U.S. 443, 452 (2004)). Therefore, the divestiture rule, like court-adopted rules, do not delineate what cases or issues "courts are competent to adjudicate." *Kontrick*, 540 U.S. at 454; *see also United States v. Rodríguez-Rosado*, 909 F.3d 472, 477-78 (1st Cir. 2018) (declining to apply the divestiture rule to reverse the district court's decision reached while an appeal of the matter remained pending, as doing so "would surely short-circuit [the rule's] aim of judicial efficiency"). As the rule is not, in fact, jurisdictional, it cannot be said that

the bankruptcy court lacked jurisdiction to confirm the Bankruptcy Plan because it did so while this appeal was pending.

Moreover, "due to the multi-layered nature of bankruptcy cases, appellate courts have recognized that the [divestiture rule] is applied more flexibly in the bankruptcy context." *In re Saguaro Ranch Dev. Corp.*, Nos. 09-02490, -02484, -02489, 02492, -02494, 2011 WL 2182416, at *2 (D. Ariz. June 1, 2011). "[W]hen a notice of appeal has been filed in a bankruptcy case, the bankruptcy court retains jurisdiction to address elements of the bankruptcy proceeding that are not the subject of the appeal. It may even continue to address matters indirectly implicated in the appeal." *Bank of N.Y. Tr. Co. NA v. Pac. Lumber Co. (In re Scopac)*, 624 F.3d 274, 280 (5th Cir. 2010) (quotation marks and internal citation omitted). "Courts have 'cautioned against a broad rule that a bankruptcy court may not consider any request which either directly or indirectly touches upon the issues involved in a pending appeal and may not do anything which has any impact on the order on appeal.'" *Betteroads Asphalt, LLC v. FirstBank Puerto Rico (In re Betteroads Asphalt)*, No. 19-2019, 2020 WL 3125274, at *4 (D.P.R. June 12, 2020) (quoting *In re G-I Holdings, Inc.*, 568 B.R. 731, 763 (Bankr. D.N.J. 2017)) (additional quotation marks omitted); *see also In re Scopac*, 624 F.3d at 280 (citation omitted) (same). A broad rule precluding a bankruptcy court from considering "any request filed while an appeal is pending has the potential to

severely hamper a bankruptcy court's ability to administer its cases in a timely manner." *In re Betteroads Asphalt*, 2020 WL 3125274, at *4 (quoting *Whispering Pines Estates, Inc. v. Flash Island, Inc. (In re Whispering Pines Estates)*, 369 B.R. 752, 758 (B.A.P. 1st Cir. 2007)).

In *Betteroads Asphalt*, the district court concluded that the bankruptcy court retained jurisdiction to proceed with the bankruptcy proceedings despite the pendency of an appeal of the lower court's decision denying the involuntary debtors' motions to dismiss. *Id.* at *3-5. The involuntary debtors had moved to dismiss, arguing, in part, that the petitioning creditors did not satisfy the requirements for filing the involuntary petitions and that the filing was in bad faith. *Id.* at *2. Despite acknowledging that "the appeals . . . contest[ed] the validity of the involuntary petitions that paved the way to the entry of the [orders] that 'commence[d]' the bankruptcy proceedings[,]" the district court found that this relationship did not "make[] the 'contested matters' so 'closely related' to the issues on appeal that they would 'impermissibly interfere' with [the involuntary debtors'] rights." *Id.* at *3 (quoting *Mission Prod. Holdings, Inc. v. Schleicher & Stebbins Hotels, LLC (In re Cold, LLC)*, 602 B.R. 798, 823 (B.A.P. 1st Cir. 2019)).

Similarly, in *Neutra, Limited v. Terry (In re Acis Capital Management, LP)*, 604 B.R. 484 (N.D. Tex. 2019), the district court concluded that an appeal of the bankruptcy court's orders finding that the petitioning creditor filed the involuntary

7

petition in good faith did not divest the bankruptcy court of jurisdiction to issue further orders, including a plan confirmation order. *Id*. at 523. The court recognized the Eleventh Circuit's holding that a proposed reorganization plan is deemed filed in bad faith and cannot be confirmed if the involuntary petition was filed in bad faith. *Id.* (citing *Nat. Land Corp. v. Baker Farms, Inc. (In re Nat. Land Corp.)*, 825 F.2d 296, 298 (11th Cir. 1987)). Nevertheless, the district court reasoned that "[i]n issuing the confirmation order, the bankruptcy court did not directly exercise jurisdiction over the question of [the creditor]'s good faith in filing the involuntary petitions—it did not revisit, comment upon, or supplement its earlier decision." *Id.*

Like the above cases, the bankruptcy court "did not revisit, comment upon, or supplement" its earlier decision on the motion to dismiss for lack of corporate authority when confirming the Bankruptcy Plan. *Id.* The bankruptcy court's holding that Kopczyk had the corporate authority to file the bankruptcy petition on behalf of Debtor CGA undoubtedly "paved the way to" the confirmation order. *In re Betteroads Asphalt*, 2020 WL 3125274, at *3. Nevertheless, this relationship did not "make[] the 'contested matters' so 'closely related' to the issues on appeal that they would 'impermissibly interfere' with [Appellants'] rights." *Id*.

In short, the bankruptcy court had jurisdiction to confirm the Bankruptcy Plan.

### III. Constitutional Mootness

"Constitutional mootness implicates Article III because [federal courts] only have jurisdiction to hear cases or controversies, and . . . 'do not have the power to adjudicate disputes that are moot.'" *Taleb v. Miller, Canfield, Paddock & Stone, PLC (In re Kramer)*, 71 F.4th 428, 438 (6th Cir. 2023) (quoting *Hanrahan v. Mohr*, 905 F.3d 947, 960 (6th Cir. 2018)). "A 'case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Id.* (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

The relevant question is "whether it would 'make a difference to the legal interests of the parties' if [the court] granted the relief sought." *Id.* (quoting *Hanrahan*, 905 F.3d at 960). "If a ruling . . . would not affect the legal interests of the parties, an issue is constitutionally moot." *Id.* (citing *Coal. for Gov't Procurement v. Fed. Prison Indus., Inc.*, 365 F.3d 435, 458 (6th Cir. 2004)). If it would be "impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the appeal must be dismissed." *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)). On the other hand, "when 'a court can fashion *some* form of meaningful relief,' even if it only partially redresses the grievances of the prevailing party, the appeal is not moot." *Resol. Tr. Corp. v. Swedeland Dev. Grp., Inc. (In re*

*Swedeland Dev. Grp., Inc.)*, 16 F.3d 552, 560 (3d Cir. 1994) (quoting *Church of Scientology*, 506 U.S. at 450) (emphasis in original).

Because Appellants did not seek a stay of the Chapter 11 proceedings during the pendency of this appeal, those proceedings continued toward confirmation. Appellants nevertheless maintain that they are not asking this Court to revoke the confirmation order. Instead, they seek only a reversal of the bankruptcy court's order finding that Kopczyk had the corporate authority to file for bankruptcy on behalf of Debtor CGA—"relief" which remains available. However, reversal of the bankruptcy court's order on the motion to dismiss would not provide Appellants any "meaningful relief."

This is because a court may revoke a confirmation order only within 180 days after entry of the order and only if the order was procured by fraud. *See* 11 U.S.C. § 1144. More than 180 days have elapsed since the Bankruptcy Plan was confirmed, and no accusations of fraud have been asserted. Moreover, Appellants did not object to the plan confirmation based on Kopczyk's alleged lack of corporate authority and thus "los[t] the[ir] opportunity to appeal altogether." *In re Dan Mazzola*, No. 19-8007, 2019 Bankr. LEXIS 1553, at *5 (B.A.P. 6th Cir. May 20, 2019). Appellants do not contend that Kopczyk's alleged lack of corporate authority would provide a reason, at this stage of the bankruptcy proceedings, to revoke the confirmation order or otherwise unwind the bankruptcy case. They fail

to identify what "effectual relief" could be accomplished by a reversal of the bankruptcy court's decision on their motion to dismiss.

For these reasons, the Court finds this appeal to be constitutionally moot. The Court, therefore, finds it unnecessary to address Debtor CGA's equitable mootness argument.

Accordingly,

**IT IS ORDERED** that Debtor CGA's Motion to Dismiss (ECF No. 9) is **GRANTED**.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: September 29, 2023