UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE CG ACQUISITIONS, LLC, Debtor

CARL JENNINGS, et al.,

        Appellants,

v.

        Civil Case No. 22-10510
        Honorable Linda V. Parker

CG ACQUISITIONS, LLC,

        Bankruptcy Case No. 21-31511

        Appellee.
_____/

## OPINION & ORDER DENYING APPELLANTS' MOTION FOR REHEARING (ECF No. 17)

This Court granted CG Acquisitions, LLC's ("Debtor CGA") motion to dismiss an appeal from the bankruptcy court's order denying Carl Jennings, Christopher Lewis, Ron Keil, and Betty Keil's (collectively "Appellants") motion to dismiss the bankruptcy petition for lack of corporate authority to file. (ECF No. 15.) In granting Debtor CGA's motion, this Court held that the bankruptcy court did not lack jurisdiction to confirm the Bankruptcy Plan while the appeal of the bankruptcy court's motion to dismiss the petition was pending before this Court. (*See id.* at PageID. 1345-46.) This Court also held that the appeal was constitutionally moot as this Court could not grant the parties any relief as they failed to seek a stay of the proceedings or move for revocation of the order

confirming the Bankruptcy Plan within 180 days as provided for in 11 U.S.C. § 1144.  (*Id.* at PageID. 1350.)

This matter is currently before the Court on Appellants' motion for rehearing pursuant to Federal Rule of Bankruptcy Procedure 8022.  (ECF No. 17.)  For the reasons set forth below, Appellants' motion is denied.

## Applicable Standard

Bankruptcy Rule 8022(a)(1) provides for a 14-day time limit for a motion for rehearing before a district court sitting in its appellate capacity.  Fed. R. Bankr. P. 8022(a)(1).  However, the Rule does not advise what standard the Court is to apply.  *See* Fed. R. Bankr. P. 8022(a)(2) ("The motion must state with particularity each point of law or fact that the movant believes the district court or BAP has overlooked or misapprehended and must argue in support of the motion.").

The Sixth Circuit has not addressed this issue of the appropriate standard to apply on a motion for rehearing under Bankruptcy Rule 8022.  *See Bavelis v. Doukas*, No. 2:17-cv-00327, 2021 WL 1979078, at *2, n.1 (S.D. Ohio May 28, 2021) (citing *In re Evn't Techs. Int'l Inc.*, No. 15-786, 2017 WL 312426, at *1 (M.D. Fla. July 21, 2017)) ("The Sixth Circuit has not addressed this issue directly.  Other courts, however, have applied a standard that mirrors Rule 59 when evaluating a Rule 8022 Motion.").  When considering motions brought under Bankruptcy Rule 8022, courts have looked to Local Rule 7.1 of the Eastern District

of Michigan, which sets forth the grounds for motions for rehearing or reconsideration. *See In re Dettore*, Nos. 15-45642, 15-13986, 2016 WL 6158963, at *1 (E.D. Mich. Oct. 24, 2016) (citing *Matter of Coventry Commons Associates*, 155 B.R. 446, 449 (E.D. Mich. May 17, 1993)) (analyzing previous version of Local Rule 7.1).

Presently, Local Rule 7.1 directs that a party seeking reconsideration, or rehearing, of a final order must file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Moreover, Federal Rule of Bankruptcy Procedure 9023 applies Rule 59 to cases under the Bankruptcy Code. *See* Fed. R. Bankr. P. 9023 (alteration added) ("Except as provided in this rule and Rule 3008, Rule 59 [Federal Rule of Civil Procedure] applies in cases under the Code."). Here, Rule 59(e) is appropriate as Appellants seek to alter or amend a final order. Therefore, this Court will construe Appellants' motion under Rule 59(e). *See Doukas*, 2021 WL 1979078 (applying Rule 59(e) to a motion for rehearing under Bankruptcy Rule 8022).

A district court maintains discretion when deciding a motion to amend a judgment under Rule 59(e). *Northland Ins. Co. v. Stewart Title Guar. Co.*, 327 F.3d 448, 454–55 (6th Cir. 2003). "A court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in the controlling law; or (4) a need to prevent manifest

3

injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (internal citation omitted).

The purpose of Rule 59(e) is "to allow the district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *York v. Tate*, 858 F.2d 322, 326 (6th Cir. 1988). "Rule 59(e) allows for reconsideration; it does not permit parties to effectively 're-argue a case.'" *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)).

Appellants raise two arguments for rehearing: (1) this Court overlooked certain facts when considering whether the bankruptcy court had jurisdiction to enter an order confirming the Bankruptcy Plan while an appeal of the motion to dismiss was pending; and (2) this Court misapplied the law when considering whether the appeal was constitutionally moot. (ECF No. 17 at PageID. 1359-65.)

<u>The Bankruptcy Court's Jurisdiction</u>

As it relates to Appellants' first argument, they argue that the Court overlooked certain facts as it relates to the bankruptcy court's exercise of jurisdiction over the Bankruptcy Plan while an appeal of Appellants' motion to dismiss was pending before this Court.

4

Namely, that while Appellants' appeal of the bankruptcy court's order was pending, the bankruptcy court allowed Debtor CGA to revise the bankruptcy plan and confirmed the Third Amended Plan, resulting in an interference with their rights on appeal. (*See id.* at PageID. 1360-61 (alteration added) ("The Bankruptcy Court expressly revisited, commented on and supplemented the issues on appeal, which is an impermissible interference with the rights on appeal and is a direct exercise of jurisdiction over the interest and rights on appeal. . . . The Court's overlooking of these facts establishes sufficient grounds for rehearing[.]").)

This Court did not overlook these facts when it previously considered whether the bankruptcy court had jurisdiction to confirm the Bankruptcy Plan while the appeal of its decision on Appellants' motion to dismiss was pending. (ECF No. 15 at PageID. 1347.) This Court found that the bankruptcy court had jurisdiction to confirm the Bankruptcy Plan as it did not revisit, comment upon, or supplement its earlier decision on the motion to dismiss for lack of authority when confirming the Plan, while the appeal of the motion to dismiss was on appeal. *See Neutra, Limited v. Terry (In re Acis Capital Management, LP)*, 604 B.R. 484 (N.D. Tex. 2019) (alterations added) ("[The appeal] divested the bankruptcy court of jurisdiction to confirm the plan. In issuing the confirmation order, the bankruptcy court did not directly exercise jurisdiction over the question [on appeal] – it did not revisit, comment upon, or supplement its earlier decision.").

5

Further, the Court held that the issue on appeal—whether there was corporate authority to file the bankruptcy plan—was not so closely related to the issue of confirmation of the Plan as to "impermissibly interfere with the rights of Appellants," which would implicate the bankruptcy court's jurisdiction over the issue. *See Betteroads Asphalt, LLC v. FirstBank Puerto Rico (In re Betteroads Asphalt)*, No. 19-2019, 2020 WL 3125274, at *5 (D.P.R. June 12, 2020) (holding that the bankruptcy court administrating Chapter 11 proceedings while movants appeal denial of a request for a stay did not impermissibly interfere with the rights on appeal). (*Id.* at PageID. 1349.)

Therefore, there has been no clear error of law nor manifest injustice as the bankruptcy court did not exercise jurisdiction over the issues on appeal and could confirm the Plan. Because the Court did not overlook these facts, the Court finds that the bankruptcy court had authority to confirm the Bankruptcy Plan.

Constitutional Mootness

Next, Appellants argue that the Court misapplied the law as it relates to its constitutional mootness finding. Specifically, Appellants argue that this matter is not moot as granting their motion, and reversing the bankruptcy court's order that there was authority to file the bankruptcy petition, will result in one of the Appellants—Carl Jennings—having equal management rights and will prevent

Gene Kopczyk—the sole member of Debtor CGA—from taking future actions as the sole authority on behalf of all Debtors. (*See* ECF No. 17 at PageID. 1363.)

They argue that this would be "meaningful relief" the Court could grant, thus, the appeal is not constitutionally moot. (*Id.*) They further argue that confirmation of the Bankruptcy Plan does not render the appeal moot and cite *In re Mirabilis Ventures, Inc.*, No. 6:08-bk-04237-KSJ, 2010 WL 963460 (M.D. Fla. Mar. 15, 2010) for support. (*See id.* at PageID. 1365.)

The bankruptcy court entered the order confirming the Bankruptcy Plan on November 4, 2022. (*See* Case No. 21-bk-31500-jda, ECF No. 273; *see also* ECF No. 72.) Once a bankruptcy plan has been confirmed, the order confirming the plan can only be revoked if 180 days have not passed and the order was produced by fraud. *See* 11 U.S.C. § 1144. More than 180 days have passed since the entry of the order confirming the Bankruptcy Plan and no revocation was sought.

Additionally, Appellants did not seek a stay of proceedings during the pendency of the appeal and the Bankruptcy Plan was confirmed. Failure to obtain a stay is fatal when seeking revocation. *See In re Servico, Inc.*, 161 B.R. 297 (S.D. Fla. 1993) (internal quotation omitted) (alterations added) ("There is an important policy of bankruptcy law that court-approved reorganization plans be able to go forward based on court approval unless a stay is obtained. . . . [F]ailure to obtain a

7

stay pending [revocation under 11 U.S.C. § 1144] is fatal to [a party's] appeal."). Consequently, the Court cannot revoke the order confirming the Bankruptcy Plan.

In Appellants' original motion before the bankruptcy court, their requested relief was dismissal of the bankruptcy petition, arguing that it was filed without corporate authority, in bad faith, and as a litigation tactic. (Case No. 21-bk-31500 ECF No. 36.) The bankruptcy court denied Appellants' motion. (Case No. 21-bk-31500 ECF No. 60.) At this stage, reversal of the bankruptcy court's decision that there was proper authority to file the petition would amount to revocation of the order confirming the Bankruptcy Plan. This is relief the Court cannot grant as the Bankruptcy Plan has been confirmed, more than 180 days have passed, no accusations of fraud have been asserted, and Appellants did not obtain a stay. Thus, the appeal is moot as this Court cannot grant any meaningful relief.

Moreover, Appellants' reliance on *Mirabilis* is distinguishable. While the *Mirabilis* court did consider mootness, it did not consider the rigid effects of § 1144 on an order confirming a bankruptcy plan. Instead, the *Mirabilis* court considered the preclusive effects a confirmation order would have on future claims and litigation. *See Mirabilis Ventures, Inc.*, 2010 WL 963460, at *2 (alterations added) ("[Petitioners] argue that the order confirming the Joint Liquidation Plan . . . is final for purposes of claim preclusion and bars future litigation as to the issues it decided.").

As a result, there has been no clear error of law nor a manifest injustice. For these reasons, the Court finds that Appellants' appeal is constitutionally moot.

## Conclusion

For the reasons set forth above, the Court finds that the bankruptcy court had jurisdiction to confirm the Bankruptcy Plan while an appeal of the motion to dismiss was pending before this Court. Further, the Court finds that Appellants' appeal is moot as the Court cannot grant any effective relief.

Accordingly,

**IT IS HEREBY ORDERED** that Appellants' motion for rehearing (ECF No. 17) is **DENIED**.

                                                      s/ Linda V. Parker
                                                      LINDA V. PARKER
                                                      U.S. DISTRICT JUDGE

Dated: July 22, 2024